9 U.S. 361
 5 Cranch 361
 3 L.Ed. 126
 AULD
v.
NORWOOD.
 February Term, 1809
 
 1
 ERROR to the circuit court for the district of Columbia, sitting at Alexandria, in an action of detinue for a female slave named Eliza. Upon the trial of the general issue in the court below, the plaintiff in error, who was defendant in that court, took a bill of exceptions, which stated that evidence was offered of the following facts: The slave, in November, 1798, was the property of John Dabny, against whom a fieri facias was issued at the suit of Norwood, the present defendant in error upon which the slave was seized and sold by the proper officer; that one Charles Turner bought her for the said Norwood, and held her, as Norwood's property, until November, 1802, when he delivered her, without authority from Norwood, to one R. B. Jamesson, who held her until September, 1806, when he became insolvent under the insolvent act of the district of Columbia, and delivered her, as part of his property, to Auld, the plaintiff in error, who was appointed trustee under that act. This suit was commenced on the 19th of September, 1806.
 
 
 2
 Whereupon the plaintiff in error prayed the court to instruct the jury that if they found the facts to be as stated, the plaintiff below was not entitled to recover. And if the court should not think proper to give that instruction, that they would instruct the jury that the plaintiff's suffering the slave to remain out of his actual possession for so long a time was fraudulent in law as to the defendant. Which instructions the court refused to give, and the defendant Auld excepted. The verdict and judgment being against him, he brought his writ of error.
 
 
 3
 Swann, for the plaintiff in error, contended,
 
 
 4
 That it was to be considered as a loan of the slave to Turner; and that the possession of Jamesson, connected with that of Turner, made a period of more than five years, and, by the statute of frauds and perjuries of Virginia, (P. P. 16.) such possession transferred the property to the person in possession.
 
 
 5
 That statute declares that 'where any loan of goods and chattels shall be pretended to have been made to any person with whom, or those claiming under him, possession shall have remained by the space of five years, without demand made and pursued by due process of law on the part of the pretended lender,' 'the same shall be taken, as to the creditors and purchasers of the persons aforesaid so remaining in possession, to be fraudulent within this act, and that the absolute property is with the possession, unless such loan' 'were declared by will, or by deed, in writing proved and recorded as aforesaid.'
 
 
 6
 C. Lee and E. J. Lee, contra, contended,
 
 
 7
 That the possession of Jamesson, which was adverse to Norwood, could not be connected with Turner's possession, which was under Norwood, so as to make the case a fraudulent loan within the statute.
 
 
 8
 And of that opinion was the court.
 
 Judgment affirmed