9 U.S. 363
 5 Cranch 363
 3 L.Ed. 126
 SLACUM
v.
SIMMS AND WISE.
 February Term, 1809
 
 1
 ERROR to the circuit court for the district of Columbia, sitting at Alexandria.
 
 
 2
 The former judgment of the court below having been reversed in this court at February term 1806, ante, vol. 3. p. 300. and remanded for further proceedings, the following statement of facts, in the nature of a special verdict, was agreed upon by the parties.
 
 
 3
 That the defendants executed the bond in the declaration mentioned. That the defendant Simms, being in custody under the execution mentioned in the condition of the bond, afterwards obtained his discharge as an insolvent debtor, by authority of the act of assembly of Virginia, entitled 'An act for reducing into one the several acts concerning executions, and for the relief of insolvent debtors.' That he was discharged from the prison bounds by warrant from Amos Alexander and Peter Wise, jun. two of the aldermen or justices of the corporation of Alexandria, before whom Simms delivered in a schedule of his estate, and took the oath of an insolvent debtor in the manner prescribed by the act, and being so discharged, he departed out of prison bounds, and not before, or in any other manner. That the defendant, Peter Wise, jun. is the same Peter Wise who acted as one of the justices, and who signed the warrant of discharge, and that Simms, before taking the oath, executed a deed conveying all his property, real and personal, to John Wise, and the said Peter Wise, in trust, for the benefit of the creditors of Simms, who, notwithstanding the said deed, afterwards, and after-his discharge, exercised acts of ownership over the property. That Peter Wise never acted under the deed of trust. That the deed of trust was made by Simms with a view of preventing the effect of the plaintiff's execution, and was fraudulent in law, but such fraud was without the participation of the said Peter Wise; and without his privity, other than that the said deed was exhibited to the said magistrates, and discussed by counsel before them, at the time the schedule was delivered, and the oath administered.
 
 
 4
 That no escape warrant was ever applied for in consequence of Simms's departing from the prison bounds.
 
 
 5
 That if the law be for the plaintiff as to both defendants, or either of them, judgment to be entered for 2,570 dollars and 90 cents, to be discharged by the payment of 1,820 dollars and 20 cents, damages and costs against such defendant or defendants severally; but if the law be for either or both of the defendants, then judgment to be entered for such defendant or defendants severally.
 
 
 6
 The schedule referred to in the statement, was as follows: 'I have neither real or personal property, but what has been conveyed by a deed of trust to John Wise and Peter Wise, jun. for the use of my creditors, as will appear, reference being had to said deed.
 
 
 7
 (Signed) 'Jesse Simms.
 
 
 8
 'August 30th, 1800.'
 
 
 9
 The court below decided the law for both defendants; and the plaintiff sued out his writ of error.
 
 
 10
 Swann, for the plaintiff in error.
 
 
 11
 The case now presented is different from what it formerly was. It will now be contended that Simms was not discharged by due course of law.
 
 
 12
 1. Because Simms was guilty of fraud in effecting his discharge, and Wise knew it; and, by his conduct, contributed to assist him in it. Fraud is a question of law and fact. It is not necessary that it should be expressly averred. It is an inference of law from the facts. Russel v. Hamilton, 1 Cranch, 309. 1 Burr. 396. 474. 3 Co. 77. 79. Fenner's case. Esp. N. P. 245. Buller, 173.
 
 
 13
 2. Because Wise was not competent to act as a magistrate in discharging Simms. He was directly interested; for by discharging Simms he discharged himself from the obligation of his bond. An interested person is not competent to act as a judge. 12 Mod. 669. Wood's case. Com. Dig. tit. Justices, I. 3.
 
 
 14
 The defendant must show all the proceedings to be regular and correct. It is not like the case of a judgment of a competent court, which will be affirmed unless the error be apparent on the proceedings.
 
 
 15
 The proceedings are in pais, there can be no writ of error. This is the only mode in which the procedure can be corrected.
 
 
 16
 C. Lee and Jones, contra.
 
 
 17
 Fraud is never to be presumed; and it is not found. It was a mere ministerial act, which is not void by reason of interest.
 
 
 18
 This is not the mode by which the plaintiff can avail himself of the fraud, if it be one. The discharge is prima facie good.
 
 
 19
 It is expressly found that Wise did not participate in the fraud which Simms contemplated by his deed. He never acted under the deed as a trustee. His only knowledge of the fact was in his capacity of magistrate. As a magistrate he had no discretion; he was bound to grant the warrant of discharge upon the debtor's taking the oath, and delivering the schedule.
 
 
 20
 All the authorities cited in Comyns' Digest confine the incompetence to cases where the judge is a party upon record.
 
 
 21
 If a legal proceeding of this kind may be vacated at any subsequent time, by showing a remote collateral interest in the magistrate, there can be no security for property. The distinction is between a direct interest as party, and a consequential interest. If the interest do not appear upon the record, the only remedy is by prohibition. As long as the proceeding remains unreversed by a competent tribunal, it is valid. Hard. 503. Brooks v. Earl of Rivers. 12 Co. 114. Earl of Darby's case. Dyer, 220. a. Sir N. Bacon's case. 1 Leon. 184. Cro. Eliz. 717. Errish v. Reeves. 8 Co. 118. Bonham's case. Co. Litt. 141. 4 Com. Dig. tit. Justices, I. & T. 1 Salk. 398. 12 Mod. 587. 2 Salk. 425. Queen v. Rodgers. 2 Salk. 607. Sty. 137. Smith v. Hancock. Sty. 209.
 
 
 22
 Swann, in reply.
 
 
 23
 It is immaterial whether it be a ministerial or a judicial act. Sheriffs, witnesses, jurors are all rendered incompetent by interest; and a fortiori is a judge.
 
 March 15.
 
 24
 MARSHALL, Ch. J. delivered the opinion of the court to the following effect:
 
 
 25
 The former case between these parties presented the single circumstance of fraud in Simms, the principal debtor, in which Wise had no share as it was then stated.
 
 
 26
 The decision in that case does not affect the present. It is here stated that the the defendant Wise was one of the magistrates who granted the discharge, and who received a conveyance from Simms of all his estate, &c.
 
 
 27
 It cannot be doubted that if there had been a combination between the surety of the insolvent and the magistrate to grant the discharge, such surety could never plead that discharge in bar of this action. Such would have been the law if Peter Wise the surety had been a different person from Peter Wise the magistrate. But being the same person, he is clearly incompetent. He is directly interested, and his interest appears upon the record.
 
 
 28
 But the case is stronger when we consider the irregularity of the schedule of property delivered by Simms at the time of his discharge.
 
 
 29
 The whole schedule is in these words: 'I have neither real or personal property, but what has been conveyed by a deed of trust to John Wise and Peter Wise, jun. for the use of my creditors, as will appear, reference being had to the said deed.'
 
 
 30
 He does not directly affirm that it is, or is not, his property. He might have taken the oath although he knew that the property contained in the deed remained in himself. The schedule, therefore, was not such as the law requires. The transaction is fraudulent upon the face of it.
 
 
 31
 The discharge, being granted by an incompetent tribunal, is wholly void.
 
 
 32
 Judgment reversed.