Parker, J.
It appears by the special verdict in the case, that when Lightfoot purchased from Daniel, neither he nor Plummer the loanee of Strother had been in possession of the slaves in controversy “ by the space of five years.” Our act to prevent frauds and perjuries declares, that loans of goods and chattels made or pretended to be made to any person wdth whom, or those claiming under him, possession shall have remained by the space of five years, without demand made and pursued by due process of law on the part of the pretended lender, shall be taken to be fraudulent as to the credi *454 tors and purchasers of the persons so remaining in possession; that is, for five years. But when Lightfoot purchased, the five years had not expired; and so he is not within the words of the act. If he bad been a creditor of Daniel at the date of his purchase, instead of purchasing from him, the possession then existing would not have rendered the loan fraudulent; and by the act, creditors and purchasers are placed upon the same footing. Daniel, the purchaser from the loanee, could never have acquired a title, short of five years adverse possession ; although his creditors, or purchasers under him thereafter,- might connect his adverse with Plummer’s fiduciary possession, for their own protection. The mischief which the act intended to remedy was this, that lenders or pretended lenders could, at common law, set up secret trusts against those who, at the time they purchased, did so upon the strength of a possession which usually gives title to personal property, without any notice to them of its fiduciary character. But if they purchased before the five years expired, there could be no good reason for protecting them, farther than they were already protected by the act of limitations. If, at the time of the purchase, the loan is not considered as fraudulent, it would seem that it ought not to become so by the possession of the person who ought to have enquired into the title, and as to whom it was not fraudulent at the time.
This view of the question is fully sustained by the case of Auld v. Norwood, 5 Cranch 361. In that case, the title of Auld, who was a trustee for creditors, was held under persons who had been in possession (connecting the loanee’s possession with that of Jamesson the debtor) for eight years; and yet the supreme court held, that the four years adverse possession of the latter could not be connected with the possession of the loanee for the same period, so as to make the case a fraudulent loan within the Virginia statute. Whether this case *455 may not, indeed, have gone too far, will remain a question for decision, if ever the point comes before this court. It may be distinguished from the ca,se at bar, in going probably somewhat farther in protecting the rights of an innocent lender, than it is necessary to go here.
I am for affirming the judgment.
Brockenbrough, J.
I have struggled hard in this case to maintain the right of the plaintiff in error to the slaves in controversy, because the loanee in this case, and those claiming under him (including Lightfoot) up to the 29th September 1833, and indeed up to the-day of November 1833, have had more than five years possession, without any demand made and pursued by due process of law on the part of Strother the lender, within the five years, and because no declaration of the loan, by deed or will in writing properly recorded, has been made by the said lender.
But the language of the statute is too strong to be resisted. The loan of goods and chattels, of which possession shall have remained by the space of five years in the loanee and claimants under him, without demand and suit by the lender within the five years, is fraudulent, not in all cases and as to all persons, but as to certain persons only. It is not fraudulent as to the loanee himselfj nor as to volunteers under him, even though he or they may have had possession for ten years without , the demand of the lender. It is only fraudulent as to “ creditors and purchasers of the persons aforesaid so remaining in possession.” These words “ so remaining in possession” are especially to be noted, as they refer to the length of the possession of the loanee and claimants under him, from whom the holder has purchased, or of whom he is the creditor. The loanee, or persons claiming under him, must have had possession for five years, to render the loan fraudulent: as to their creditors or purchasers.
*456 Now, Lightfoot was not such a purchaser as is herein set forth, as to whom the loan shall be deemed fraudulent. He purchased from Daniel, who had purchased from the loanee, at a time when the loanee and Daniel had not had possession by the space of five years. He was not, therefore, a purchaser from one who came within the description just mentioned. Those from whom he purchased had not had the five years possession; and though he himself is a claimant under the loanee, and a purchaser from one claiming under the loanee, yet he cannot add his possession to theirs, because that would not make the possession of those from whom he purchased, a possession of five years.
It is a hard case on Lightfoot, because he has paid his money without knowing of the loan, and in a case where possession had remained for a long time with the loanee and a claimant under him. It seems still more hard, from the circumstance, that if he had made his purchase only three weeks later, that purchase could not have been disturbed, unless in the mean time the lender had made his demand, and pursued it by due course of law. Yet although it is hard, we may say that it is not the court, but the law, which has produced the hardship. It is only the legislature that can give redress in future cases. It might be well for them to say, that such loans shall be taken to be fraudulent as to all persons except the loanee and volunteers under him; or perhaps still better to say, that all loans of chattels, especially of slaves, shall be void, unless evidenced by deed, duly recorded in a certain time, or by will.
But as the matter now stands, I am for affirming the judgment.
Cabell, J.
I was at first inclined to think that the law was in favour of the plaintiff in error. But a more attentive examination of the act of assembly has perfectly convinced me that the law is otherwise.
*457 This is the case of a contest between the lender of property, and a purchaser under the loanee. The remarks which I may make as to the construction of the act of assembly, will therefore be regarded as applicable to the case of a purchaser, without considering whether they are or are not applicable to the case of a creditor.
Five years had not elapsed after the loan and before the purchase by the plaintiff in error, although they had elapsed before the commencement of the suit.
At common law, no length of possession by the loanee would protect a purchaser from him. This was productive of much mischief; for third persons who had been induced to become purchasers, relying on the possession of the loanee as the indicium of the right of property, were often surprised and defeated by the exhibition of loans, of the previous existence of which they had no knowledge, and no means of obtaining knowledge. It was the object of the statute to remedy this evil. But how does it propose to remedy it? Not by protecting every fair purchaser from a loanee, but those purchasers only who had become such on the faith of five years previous possession by their vendors or those under whom they claimed. The words of the act of assembly are too plain to admit of doubt as to their meaning. After having spoken of a loan made to “ any person with whom, or those claiming under him, possession shall have remained by the space of five years,” the act goes on to declare, that the loan “ shall be taken, as to the creditors and purchasers of the persons aforesaid, so remaining in possession, to be fraudulent within this act.” It is manifest, therefore, that the possession which this act interposes as a shield to the purchaser, is a possession previous to his purchase. If he relies on his possession subsequent to his purchase, it will be unavailing, unless it be for such a time as will present a bar under the act of limitations.
I am for affirming the judgment.
*458 Tucker, P.
By the statute of frauds it is provided, that where a loan is made to any person, with whom, or those claiming under him, possession shall have remained for five years without suit, the same shall be taken, “ as to the purchasers from the person aforesaid so remaining in possession, to be fraudulent, and that the absolute property is with the possession, unless &c.” The purchaser, therefore, who would protect himself by this act, must shew that he has purchased from a person with whom, or those claiming under him, five years possession under a loan has remained. Lightfoot cannot do this. The possession of Plummer together with that of Daniel, from whom Lightfoot purchased, falls short of five years by about three weeks. It cannot be pretended that on the day after His purchase, he had title; for on that day, those under whom he claimed had not had five years posséssion. To make up the five years, he must add three weeks of his own possession. But his own possession cannot give him title under this act. His title under it can only arise from five years possession (anteriour to his purchase) of those under whom he claims. If there has been no such possession', he has no title. Were it otherwise, it would follow that if a slave be lent to A. who holds him under the loan only a month, and sells him to B. who holds him for four years and eleven months, his title will become good by wrong,— by his own continued possession to the prejudice and ad’versary to the rights of the lender; and this too, although his title was good for nothing the day after his purchase. This cannot be. He may, indeed, acquire title under the statute of limitations, if the possession continues adversarily for five years in himself or in those under whom he claims. But under the statute of frauds he can acquire no title, unless those under whom he claims have had full five years possession anteriour to his purchase. He cannot weld the two statutes together, or eke out, with his own adversary possession, *459 the possession of those tinder whom he claims. In this case, Lightfoot having purchased within the five years, his title is not good, and judgment was properly rendered against him. I am of opinion that it be affirmed.
Judgment affirmed.